FILED
United States Court of Appeals
Tenth Circuit

July 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

JOSE DE JESUS REYES-SOBERANIS,
a/k/a Jose De Jesus Reyes, a/k/a Martin
Mendez-Ayala,

      Defendant–Appellant.

No. 10-1467
(D.C. No. 1:09-CR-00472-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Jose de Jesus Reyes-Soberanis appeals his sentence for illegal reentry. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Reyes-Soberanis is a Mexican national and is not a citizen or legal resident of the

United States. On September 29, 2006, he was removed from the United States

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order is not binding precedent
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

subsequent to his conviction in California state court for possession of a controlled substance for sale. Reyes-Soberanis reentered the United States later that year. On November 29, 2007, he was convicted in Colorado state court of distribution of a controlled substance for sale and third degree assault. He was paroled on the drug charge in June 2009, but then began serving his sentence for assault in the El Paso County jail.

Reyes-Soberanis gave a false name when he was arrested, and he was convicted under the name Martin Mendez-Ayala. On July 27, 2007, Immigration and Customs Enforcement ("ICE") agents interviewed Reyes-Soberanis, who again lied about his identity and claimed to be Mendez-Ayala. ICE did not attempt to confirm his story but did place an immigration detainer on him. On October 10, 2009, Reyes-Soberanis was released from state to federal custody. Three days later, he admitted that his name was Reyes-Soberanis and told ICE agents that he had been deported previously.

Reyes-Soberanis was indicted on one count of illegal reentry after deportation subsequent to aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). He pled guilty. A Presentence Investigation Report ("PSR") calculated Reyes-Soberanis' United States Sentencing Guidelines range as 84-105 months' imprisonment based on a total offense level of 22 and a criminal history category of VI. However, the PSR also recommended a downward departure to criminal history category V, resulting in an advisory Guidelines range of 77 to 96 months' imprisonment.

Contending that the government knew or should have known his true identity as of July 2007, Reyes-Soberanis sought an additional downward variance from his Guidelines recommendation. Absent government delay, he submitted, his federal sentence could

-2-

have run concurrent to his state sentence. He also argued that a criminal history category of III would better reflect the seriousness of his offenses. The sentencing court rejected both arguments and adopted the PSR's recommendations. In considering the nature of Reyes-Soberanis' offense, the court noted that, unlike many convicted of illegal reentry, Reyes-Soberanis came "to the attention of ICE . . . while in custody . . . on non-immigration-related criminal charges." It also pointed to Reyes-Soberanis' "disrespect for the laws of" the United States and his distribution of methamphetamine, "one of the most chemically poisonous, addictive, and destructive substances on this planet." Finally, the court indicated that, even if the timing of the federal charges had allowed it, the court would not have imposed concurrent sentences. Reyes-Soberanis was sentenced to 77 months' imprisonment. He timely appealed.

## II

On appeal, Reyes-Soberanis argues that the district court erred by imposing a sentence greater than necessary to comply with 18 U.S.C. § 3553(a). We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007).

The district court did not abuse its discretion in refusing Reyes-Soberanis a downward variance based on the timing of the government's charges. As the district court correctly noted, the federal and state charges were legally and factually unrelated, and Reyes-Soberanis would not have been entitled to concurrent sentences. See United States v. Moyer, 282 F.3d 1311, 1316-17 (10th Cir. 2002). Additionally, any delay in ICE's determination of his identity was caused by Reyes-Soberanis' own

misrepresentations.  In essence, Reyes-Soberanis contends that he should receive a shorter sentence for making false statements to federal law enforcement agents.[1]  Any suggestion that ICE is responsible for failing to detect Reyes-Soberanis' lies sooner is frivolous and absurd.  And the district court was not obliged to remedy ICE's alleged negligence by rewarding Reyes-Soberanis' dishonesty with a shorter sentence.

Moreover, Reyes-Soberanis cites no evidence that once the  government uncovered his lies it purposefully delayed prosecution to ensure consecutive sentences.  See United States v. Rodriguez-Felisola, 256 F. App'x 196, 199 n.2 (10th Cir. 2007) (unpublished).  Reyes-Soberanis is entitled to no relief on the basis of his delayed prosecution argument.

Reyes-Soberanis also argues that the district court's sentence created an unlawful disparity between him and a similarly situated defendant.  For this proposition, he cites a 36-month sentence given to the defendant in United States v. Marquez-Pineda, 318 F. App'x 673 (10th Cir. 2009) (unpublished).  But that case is not remotely analogous to Reyes-Soberanis'.  The sentence we affirmed in Marquez-Pineda involved an upward variance based on the defendant's DUI conviction.  Id. at 675.  In contrast, Reyes-Soberanis was given a within-Guidelines sentence, which is entitled to a presumption of reasonableness.  United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).  Further, the district court carefully explained its choice to refuse a downward variance based on Reyes-Soberanis' repeated drug offenses and disrespect for the laws of the United States.

---

[1] Making material false statements to federal law enforcement is, of course, a crime.  See 18 U.S.C. § 1001(a)(2).

Finally, Reyes-Soberanis contends in his reply brief that he should have been assigned only one criminal history point for his two 2007 Colorado convictions, which occurred on the same day.[2]  But the two convictions, one for drug possession and one for a jailhouse assault, were "separated by an intervening arrest" and therefore "are counted separately."  U.S.S.G. § 4A1.2(a)(2).

### III

Because the district court did not abuse its discretion in denying a Reyes-Soberanis a downward variance, we **AFFIRM**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] We review this claim de novo because it concerns the interpretation of a sentencing guideline, which is a legal question.  See United States v. Wolfe, 435 F.3d 1289, 1295 (10th Cir. 2006).